*In re* **TAYLOR**, Richard Barry (MR 21171)
Joliet, IL

Order of the Court:

The petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to Supreme Court Rule 762(b) is allowed. Respondent Richard Barry Taylor is suspended from the practice of law for one year, with the suspension stayed after the first 60 days by a one-year period of probation, subject to the following conditions:

a. Respondent shall attend meetings scheduled by the Commission probation officer as requested by the Administrator. Respondent shall submit quarterly written reports to the Administrator concerning the status of his practice of law and the nature and extent of his compliance with the conditions of probation;

b. Respondent shall notify the Administrator within 14 days of any change of address;

c. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigation relating to his conduct;

d. Respondent shall reimburse the Commission for the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation;

e. At least 30 days prior to the termination of the period of probation, respondent shall reimburse the Client Protection Program Trust Fund for any Client Protection payments arising from his conduct;

f. Respondent shall, within the first 30 days of probation, enroll in a law office management program approved by the Administrator and notify the Administrator of the name of the attorney with whom he is assigned to work. Respondent shall successfully complete the law office management program at least 30 days prior to the end of the probation term. Through his participation in the law office management program, respondent shall establish and utilize the following:

(1) a system for maintaining records as required by Supreme Court Rule 769;

(2) a diary and docketing system in accordance with the requirements established by the law office management program, including a mechanism by which approaching statutes of limitations are noted;

(3) a system by which telephone messages are recorded and telephone calls are returned in a timely manner;

(4) a system by which written requests by clients for the status of their legal matters are responded to, whether orally, or in writing, in a timely manner;

(5) for cases which the fee is to be calculated on an hourly basis, a system by which clients are provided with regular itemized billing statements provided at least quarterly, setting forth the services performed by respondent, the date upon which each service was performed, the time spent by respondent on each service and the amount to be charged to the client; and

(6) a system for handling of funds belonging to clients and third parties that conforms to the requirements of Rule 1.15 of the Illinois Rules of Professional Conduct;

g. Respondent shall authorize the attorney assigned to work with him in the law office management program to:

(1) disclose to the Administrator on a quarterly basis, by way of signed reports, information pertaining to the nature of respondent's compliance with the law office management program and the above described conditions;

(2) promptly report to the Administrator respondent's failure to comply with any part of the above described conditions; and

(3) respond to any inquiries by the Administrator regarding respondent's compliance with the above described conditions;

h. Respondent shall complete the course in legal ethics and professional responsibility offered by the Illinois Professional Responsibility Institute; and

i. Probation shall be revoked if respondent is found to have violated any of the terms of probation.

The remainder of the one-year suspension shall commence from the date of the determination that any term of probation has been violated. Suspension effective December 8, 2006.